## UNION TERMINAL RAILROAD COMPANY v. THE KANSAS CITY BELT RAILWAY COMPANY.

### No. 715.   (60 Pac. 541.)

1. RAILROADS— *Creation of Easement.* It is not necessary in this state to create a valid easement upon land that the writing be sealed or acknowledged.

2. ———— *Condemnation — Prior Occupation.* A railroad company cannot by condemnation proceedings acquire for its right of way lands already occupied by another railroad company for the same purpose, notwithstanding the fact that such occupant has not acquired from the owner of the fee the right so to use the land either by condemnation proceeding or by conveyance of the title.

3. ———— *Condemnation Proceedings — Compensation — Injunction.* Where one railroad company attempts by condemnation proceedings to obtain for its right of way the property of another railroad company, and in so doing conceals its real purpose and object by failing to describe in its petition or notice the particular tract of land it intends thereby to condemn, and its entire proceedings in condemnation show that its purpose is to obtain possession of the occupant's right of way without making to it any compensation therefor, it is not error to hold such condemnation proceedings void and restrain the company from taking possession thereof or interfering with the possession of the occupant.

Error from Wyandotte district court; HENRY L. ALDEN, judge.   Opinion filed March 16, 1900.   Affirmed.

*Trimble & Braley*, for plaintiff in error.

*Pratt, Dana & Black*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J.:   Defendant in error obtained a judgment against the plaintiff in error on the 19th day of October, 1897, perpetually enjoining the plaintiff in error from taking possession of or in any way

interfering with a certain strip of land described in plaintiff's petition in the case as a strip of land 16 feet wide in the northeast quarter of section 22, township 11 south, of range 25 east, in Wyandotte county, beginning at the southwesterly corner of a tract of land occupied by the Schwartzchild-Sulzberger Company, said point being 634.76 feet southwesterly from the south line of Osage avenue, Armourdale, Kan., measured along the easterly line of Railroad street; thence east 21.77 feet; thence southwesterly parallel to and 16 feet from Railroad street 702.09 feet; thence west 21.77 feet to Railroad street; thence northeasterly along the easterly line of said Railroad street 702.09 feet to the point of beginning.

The findings of the court upon which this judgment is based are as follows:

"The court, being fully advised in the premises, finds the issues generally in favor of the plaintiff and against the defendant; and finds that the condemnation proceedings instituted by the defendant, as averred in the petition and answer filed herein, are void and of no effect as to the strip of land 16 feet wide described in plaintiff's petition, as against the rights of the plaintiff herein. The court further finds that, prior to the institution of said condemnation proceedings, the plaintiff was and for a long time had been in possession of said strip of land, using it for railroad purposes similar to those for which defendant sought and was about to take under said proceedings."

There are twelve assignments of error, including that based upon the denial of the motion for a new trial. The second assignment challenges the sufficiency of the petition. The third is that the judgment is against the evidence. The fourth, fifth, sixth, seventh, eighth and ninth are in substance the

same as the third. The tenth is based upon the exclusion of evidence offered by the plaintiff in error. The eleventh is founded upon the admission of evidence offered by the defendant in error. The twelfth assignment presents the same question as the third to the ninth, inclusive, *i. e.*, the sufficiency of the evidence to sustain the judgment of the court. It will be observed that the judgment of the court enjoining the plaintiff in error from interfering with the defendant in error's use and occupation of the strip of land is based upon two propositions : (1) That the attempted condemnation of the strip by the plaintiff in error, by reason of the failure to conform to the statutory requirements, was void as against the defendant in error, plaintiff below ; (2) that there had been a prior appropriation by the plaintiff, defendant in error, of the strip to a public use similar to that to which the defendant, plaintiff in error, sought to appropriate it. The real contention upon the part of the plaintiff in error is that the evidence does not disclose such a failure upon its part in the condemnation proceedings to conform to the statute as would render its proceedings void, and that the evidence does not sustain the finding of the court that there was such a prior occupation and appropriation as would prevent the plaintiff in error from appropriating it by condemnation proceedings. The sufficiency of the petition is not challenged in the argument, so we may reasonably conclude that the second assignment of error is abandoned.

In the argument it is first contended that the judgment is not based upon any irregularity in the condemnation proceedings, but because of the prior rights of the defendant in error in the land, and that by reason thereof the plaintiff in error had not the right to

condemn the strip to its use. Counsel then proceed to argue, first, that the notice required by the statute was given, and was sufficient to bind the defendant in error, and in support of this they cite *Huling v. Kaw Valley Railway*, 130 U. S. 559, 9 Sup. Ct. 603, 32 L. Ed. 1045, a case arising under our statute. It is true that in this case the supreme court of the United States held that a notice which stated that the company would upon a certain day proceed to condemn a right of way through a certain described section was sufficiently certain as to the location of the line to bind one who was the owner of one-quarter of such section.

The notice in this case is that the commissioners will meet on Monday, the 10th day of June, at ten o'clock A. M., and commence at a point near the confluence of the Kansas and Missouri rivers, and proceed thence in a southerly direction to a point on the state line between Kansas and Missouri up to which the Kansas City Suburban Belt Railroad Company, a Missouri corporation, has now constructed its railroad; thence running in a northwesterly and westerly direction to Ohio avenue; thence westerly and southwesterly on Ohio avenue, formerly Second street, in the city of Kansas City, Kan., to the east bank of the Kansas river; thence across said river to the west bank thereof; thence southerly and westerly along the west bank of said river, through the southeast quarter of section 10 and northeast quarter of section 15 and northeast quarter and southwest quarter of section 14, the northwest quarter of section 23, the northeast quarter of section 22, of township 11, range 25 east, to a point near the east-and-west line through the center of said section 22; thence in a southwesterly direction through the northeast and southeast quarters of sec-

Railroad Co. v. Railway Co.

tion 22 to a point near the southeast line of the right of way of the Kansas City Belt railroad ; thence in a southwesterly direction and westerly direction along or near said line of right of way through the southeast and southwest quarters of section 21 to a point along the line between sections 20 and 21 of said township and range ; thence in a southwesterly direction through the southeast quarter of said section 20 to a point on the east and the north bank of the Kansas river ; thence across the Kansas river to a point near where Argentine boulevard (formerly James street), extended, crosses said river ; thence in a general westerly direction to a point on the west line of the alley running north and south along the west side of block 14 in Mulvane's addition to the city of Argentine ; and thence west thereof to the city or village of Turner.

It appears from the evidence that under this notice the plaintiff in error intended to condemn this sixteen-foot strip of land heretofore described, and that only ; that the commissioners met pursuant to said notice about a half-mile from the confluence of the two rivers named in the notice as the place of meeting and went from there to this strip of ground and appraised the same. The route designated in this notice, it appears from the evidence, is the general line of the plaintiff in error as it had been constructed long prior to the inception of this proceeding. In other words, it is apparent from the entire record that the plaintiff in error, by its proceedings in condemnation, was attempting to appropriate this strip of land to its own use without notice to the defendant in error.

It is said in the brief of counsel for the plaintiff in error that the record discloses the fact that the defendant in error did have actual notice of the con-

demnation proceedings, both by conversations between the principal officers of the two companies and by correspondence. In this, however, counsel are mistaken.

It is next contended that the defendant in error had no such right or interest in the land as would require notice of the condemnation proceedings to be given it. This contention is based upon the further claim that the defendant in error, although having its track built over a part of this strip for many years, was simply there as a licensee by the license of the owners of the fee, and the subsequent grantees, under whom they entered, had notice and were present at the time the appraisement was made, and therefore the defendant is bound. The contract under which the defendant in error entered upon the strip of land and constructed its line of road is in writing, is duly executed by the parties, but is not acknowledged and was not recorded. It is contended that an easement of way in land can only be created by deed duly executed, witnessed, acknowledged, and recorded, and in support of this authorities are cited from Massachusetts, Connecticut, Wisconsin, New York, and Ohio, special stress being laid upon the two authorities cited from the supreme courts of Massachusetts and Ohio. In *Cook v. Stearns*, 11 Mass. 536, cited by counsel, there was a demurrer to a plea of justification of a trespass under a license. The demurrer was sustained. Upon appeal, the supreme court held that a license was created by parol, and that unless the plea disclosed a grant by deed or writing it came within the statute of frauds. It said:

"But a permanent right to hold another's land for a particular purpose and to enter upon it at all times without his consent, is an important interest, which

Railroad Co. v. Railway Co.

ought not to pass without writing, and is the very object provided for by our statute."

The other cases cited are to the same effect; that is, that an interest in land can only be created by writing, and, in effect, that an easement is such an interest. In the case of *Wilkins v. Irvine*, 33 Ohio St. 143, the license was created by a writing. The court held that it could not rise to the dignity of a deed or an instrument creating an interest or a right in land, because it was not sealed, witnessed and acknowledged as provided for by the statute of that state. We have no such statute. A deed need not have a seal. It need not be witnessed. It is good between the parties without acknowledgment or being recorded. Registration only imparts notice and can only be had when acknowledged or proved, but between the parties and purchasers with notice is good as a conveyance, although neither sealed, witnessed, acknowledged, nor recorded. Our conclusion upon this proposition is that the writing created an easement in the defendant in error, and that it was entitled to notice of the condemnation proceedings; that owing to the condition of the land sought to be condemned, the fact that it was a part of a city and not of country, or farm, that the particular part of the section designated in the notice was many times subdivided, and held by numerous owners, and that it was apparent from the evidence that the plaintiff in error sought to obtain the condemnation without the knowledge of the defendant in error, the court was justified in finding and holding the condemnation proceedings void as against the defendant in error, which was in possession.

It is contended further that this, being a license only, was revoked by abandonment. It would not seem necessary to discuss this contention, in view of

the fact that we have concluded that the defendant in error held an easement in the land. There was no abandonment thereof, nor was there any change in the character of the occupation of the right of way that was so inconsistent with the right of easement granted as to bring it within the rule laid down in the cases cited by counsel in support of that contention. Nor can the contention be sustained that the license was revoked by the failure of the Western Dressed Beef Company, and the sale of the premises within which the right of way was located. It was not a license; therefore a sale of the premises subservient thereto would not revoke it.

It is contended further that as to a part of this sixteen-foot strip of land, it was subject to condemnation for the use of the plaintiff in error, because as to that part (about 90 feet, possibly 100 feet) at one end of the strip, the track of the defendant in error was not constructed thereon until April 25, 1895, the day before the plaintiff in error filed its petition in the district court praying for the appointment of appraisers in the condemnation proceedings. They say that as to this part of the strip the defendant in error was a trespasser, and being a trespasser was entitled to no rights in the premises, entitled to no notice of the condemnation, had no status to attack the legality thereof, and hence, as to that part of the strip, the injunction ought not to have applied. The defendant in error subsequently acquired the title in fee to the entire strip. The evidence shows that it became necessary to straighten its line by an occupation of this end of the strip at that time by reason of the fact that the plaintiff in error had deprived it of its connection with the Schwarzschild-Sulzberger plant by changing the head-blocks

Railroad Co. v. Railway Co.

upon the plant to facilitate its own connection with the plant over its tracks upon a strip of land fourteen feet wide, adjoining the strip in controversy.

The plaintiff and defendant are rival companies, maintained to afford switching facilities between the various enterprises of Kansas City and the different railway systems. Both were seeking entrance to this dressed-beef plant, each apparently endeavoring to obstruct the progress of the other. The plaintiff in error had constructed its main line; it had switches upon the adjoining strip of land, by which it was connected with the plant of Schwarzschild-Sulzberger. It simply wanted to enlarge its facilities and restrict the facilities of its competitor. It had not platted its line proposed to be constructed upon this strip of land; it had made no survey; it had set no stakes. Defendant in error was in possession of the greater part of it. As before stated, it straightened its track by reason of a necessity occasioned by the conduct of the plaintiff in error. It first occupied this 80 to 100 feet of ground. It occupied it the day before the plaintiff in error began its condemnation proceedings. Under the law, as it seems to us well established, it could not acquire a right of way previously occupied by another line, either by purchase or condemnation. See Mills on Eminent Domain, section 47. It is there said:

"When different corporations desire the same location, the one that is prior in point of time is also prior in point of right, and the first location, if followed by construction, operates to secure the prior right."

This statement of law by Mr. Mills is supported by the decisions of the courts in *Waterbury v. Dry Dock &c. Railroad Company*, 54 Barb. 388; *The People v. New York and Harlem Railroad Company*, 45 Barb. 73;

19—9 KAN. APP.

*Sioux City & D. M. Ry. Co. v. Chicago, M. & St. P. Ry. Co.*, 27 Fed. 770; *Railway Co. v. Alling*, 99 U. S. 463, 25 L. Ed. 438. In the case of *Sioux City & M. Ry. Co. v. Chicago, M. & St. P. Ry. Co.*, supra, it was held that a prior occupation by staking out the line of road, so as to indicate its permanent location, was such an appropriation as deprived another road of a right to acquire the land subject to the right of way and thus defeat the construction by the prior occupant. In that case there was a mere survey, a permanent location, the title to the right of way not being acquired from the owner. The rival company obtained title to the land from the owner by deed, knowing the line of its rival had been located thereon. Under these decisions, it cannot be said that the defendant in error was a mere trespasser, even as to the 80 or 100 foot strip. It is immaterial to the plaintiff in error that as to the landowner the defendant in error had acquired the right or had not acquired the right. It had not only located but it had constructed its line and subsequently acquired the right, so that when the plaintiff in error attempted to assert its right under its condemnation proceedings the defendant in error was in the actual possession or occupation of the land with its line; and having been so appropriated, and the condemnation proceedings having been had without proper notice, and in such manner as not to be conclusive upon the defendant in error, injunction was the proper remedy, and the judgment of the court was sustained by the facts in the case as well as by the law. Nor were the interests of the plaintiff in error of such character as to give it a right against that rule of law preventing the taking of property which had already been appropriated for a public use. There was no express grant therefor. Nor was it so by nec-

essary implication.   The refusal to allow it did not defeat the franchise of the plaintiff or prevent it from performing its functions under its charter.   At most, it was a mere matter of convenience.   See *Pittsburg Junction R. Co.'s Appeal*, 122 Pa. St. 511, 6 Atl. 564; *Cincinnati, La F. & Chi. R. R. Co. v. D. & V. Ry. Co.*, 75 Ill. 113; *Barre Railroad Company v. Railroad Companies*, 61 Vt. 1.

The court committed no error in the progress of the trial to make a retrial necessary.   The judgment is affirmed.